___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

JAN 19 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

  v.

1. Jaime Avila, Jr.,
   (Counts 1, 2, 7-9)

2. Hector Rolando Carlon,
   (Counts 1, 2)

3. Julio Jose Carrillo,
   (Counts 1, 2, 10, 42, 43,)

4. Alfredo Celis,
   (Counts 1, 2, 11, 12, 42, 52)

5. Manuel Fabian Celis-Acosta,
   (Counts 1-42)

6. Jacob Wayne Chambers,
   (Counts 1, 2, 13, 14)

7. Erick Avila Davila,
   (Counts 1, 2, 15, 16 )

8. Jonathan Earvin Fernandez,
   (Counts 1, 2, 17,18)

9. Dejan Hercegovac
   (Counts 1, 2, 19)

10. Kristi Gail Ireland,
   (Counts 1, 2, 42, 46)

CR '11 - 126 PHX JAT (LOA)

**I N D I C T M E N T**

VIO:  18 U.S.C. § 371
      (Conspiracy)
      Count 1

      18 U.S.C. § 922(a)(1)(A)
      (Dealing in Firearms Without a
      License)
      Count 2

      21 U.S.C. §846
      (Conspiracy to Possess Controlled
      Substance with Intent to
      Distribute)
      Count 3

      21 U.S.C.§§841(a)(1) &
      841(b)(1)(D)
      (Possession with Intent to
      Distribute Marijuana, a Controlled
      Substance)
      Count 4

      21 U.S.C.§§841(a)(1) &
      841(b)(1)(B)(vii)
      (Possession with Intent to
      Distribute Marijuana, a Controlled
      Substance)
      Count 5

11.  Juan Jose Martinez-Gonzalez,
     (Counts 1, 2)

12.  Jacob Anthony Montelongo,
     (Counts 1, 2, 20, 21, 42, 44)

13.  Joshua David Moore,
     (Counts 1, 2, 22, 23, 42, 45)

14.  Danny Cruz Morones,
     (Counts 1, 2, 24, 25)

15.  Uriel Patino,
     (Counts 1-6, 26-35, 42, 46-48, 50, 53)

16.  Jose Angel Polanco
     (Counts 1, 2, 41 )

17.  Francisco Javier Ponce,
     (Counts 1, 2, 33, 34,)

18.  John William Rowland,
     (Counts 3&4)

19.  Sean Christopher Steward,
     (Counts 1, 2, 36-40, 42, 49, 51)

20.  Kenneth James Thompson,
     (Counts 1, 2)

                    Defendants.

18 U.S.C. §924(o)
(Conspiracy to Possess a Firearm
in Furtherance of a Drug
Trafficking Offense)
Count 6

18 U.S.C. § 924(a)(1)(A)
(False Statements in Connection
With the Acquisition of Firearms)
Count 7 through 41

18 U.S.C. § 1956(h)
Conspiracy to Commit Money
Laundering
Count 42

18 U.S.C. § 1956(a)(1)(B)(i)
Money Laundering
Counts 43 through 53

18 U.S.C. § 2
(Aid and Abet)
Counts 2, 4, 5, 7-41, 43-53

18 U.S.C. §924(d)
21 U.S.C. §853
28 U.S.C. §2461
18 U.S.C. §982(a)(1)
(Forfeiture Allegations)

THE GRAND JURY CHARGES:

## INTRODUCTION

1.     Drug Trafficking Organizations rely upon the use of firearms to protect their supply of drugs, supply routes, profits, and distribution territory from both law enforcement agents and threats from competing Drug Trafficking Organizations.

2.     Drug Trafficking Organizations operating in Mexico represent a ready market for firearms from the United States.  These Drug Trafficking Organizations prefer certain makes, models, and caliber of firearms.  These "weapons of choice" are generally semi-automatic versions of military type rifles and pistols.  These include the AR-15/M-16 type rifles, AK-47

2

type rifles, AK-47 type pistols (resembling AK-47 type rifles with shorter barrels and without a rear stock), 9mm pistols, 5.7mm pistols, Colt .38 Super Automatic (".38 Super") caliber pistols, as well as heavy .50 caliber belt-fed rifles, and .50 caliber sniper rifles.

3.    These firearms are not available in Mexico through regular commercial retail channels, but are available in the United States through licensed retail gun shops. Firearms dealt illegally by firearms traffickers are commonly purchased from licensed retail gun shops.

4.    When a firearm purchaser buys a firearm from a Federal Firearms Licensee (FFL), a business licensed under Chapter 44 of Title 18, United States Code to engage in the business of dealing in firearms, that buyer must fill out  Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record, listing the buyer's true name, current residential address, and other identifying information.  The information on the Form 4473 makes it possible to trace a firearm back to its retail purchaser.  Federal Firearms Licensees are required by Chapter 44 of Title 18, United State Code, to maintain these forms in their records.

5.    In addition, Form 4473 asks the purchaser: "Are you the actual transferee/buyer of the firearm(s) listed on this form?  Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you. . ."

6.    Firearms traffickers often employ a number of "straw purchasers" to buy firearms from licensed gun dealers.  These "straw purchasers" falsely claim on the 4473 that they are buying the firearm(s) for themselves, when in fact they are purchasing on behalf of another.

7.    Firearms traffickers commonly acquire firearms through "straw purchasers" to avoid firearms being traceable back to the firearms trafficker himself.  Firearms purchased in furtherance of a firearms trafficking conspiracy are usually purchased in cash to further conceal the true buyer and source of funds.

8.    Firearms traffickers commonly employ multiple straw purchasers to supply them with their firearms, ensuring that they have more that one source of firearms for distribution to their buyers.

9.    Only licensed firearms importers, manufacturers, or dealers may engage in the business of dealing in firearms or in the course of such business may ship or transport firearms in interstate or foreign commerce.

10.    At all times relevant to this indictment, JAIME AVILA, JR., JULIO CARRILLO, HECTOR ROLANDO CARLON, ALFREDO CELIS, MANUEL FABIAN CELIS-ACOSTA, JACOB WAYNE CHAMBERS, ERICK AVILA DAVILA, JONATHAN EARVIN FERNANDEZ, DEJAN HERCEGOVAC, KRISTI GAIL IRELAND, JUAN JOSE MARTINEZ-GONZALEZ, JACOB ANTHONY MONTELONGO, JOSHUA DAVID MOORE, DANNY CRUZ MORONES, URIEL PATINO, JOSE ANGEL POLANCO, FRANCISCO JAVIER PONCE, JOHN WILLIAM ROWLAND, SEAN CHRISTOPHER STEWARD, and KENNETH JAMES THOMPSON are not and have never been licensed under the provisions of Chapter 44 of Title 18 as firearms importers, manufacturers, and dealers.

11.    At all times relevant to this indictment, American Gunshop, Inc.; Bear Arms; Gunnet; Lone Wolf Trading Company; J&G Sales; Olsen Firearms, LLC; and Scottsdale Gun Club were and are each a Federal Firearms Licensee (FFL), a business licensed under the provisions of Chapter 44 of Title 18, United States Code to deal in firearms.

## COUNT 1

### CONSPIRACY

### (18 U.S.C. §371)

12.    Beginning on or about September of 2009, and continuing through on or about December, 2010, in the District of Arizona and elsewhere, defendants JAIME AVILA, JR., JULIO CARRILLO, HECTOR CARLON, ALFREDO CELIS, MANUEL FABIAN CELIS-ACOSTA, JACOB WAYNE CHAMBERS, ERICK AVILA DAVILA, JONATHAN EARVIN FERNANDEZ, DEJAN

4

HERCEGOVAC, KRISTI GAIL IRELAND, JUAN   MARTINEZ-GONZALEZ, JACOB MONTELONGO, JOSHUA DAVID MOORE, DANNY MORONES, URIEL PATINO, JOSE ANGEL POLANCO, FRANCISCO JAVIER PONCE, SEAN CHRISTOPHER STEWARD, and KENNETH THOMPSON, did willfully, knowingly and unlawfully combine, conspire, confederate and agree together and with each other and with others known and unknown to the grand jury, to commit the following offenses against the United States:

(1) Title 18, United States Code, Section 922(a)(1)(A) (Dealing in Firearms Without a License);

(2) Title 18, United States Code, Section 924(a)(1)(A) (Making False Statements in Connection with the Acquisition of a Firearm)

(3) Title 18, United States Code, Section 554 (Smuggling Goods from the United States);

## **MEANS AND METHODS OF THE CONSPIRACY**

13.   The means and methods employed by defendants to effect the object of the conspiracy were as follows:

14.   Between September of 2009 and December of 2010, defendants willfully engaged in the business of dealing in firearms even though none of the defendants were a licensed firearms importer, manufacturer, and  dealer, under the provisions of Title 18, United States Code, Section 923, and in the course of such business did ship and transport firearms in interstate and foreign commerce.

15.   Between September of 2009 and through December of 2010, defendants fraudulently and knowingly exported and sent firearms from the United States to Mexico contrary to the laws and regulations of the United States.

16.   Between September of 2009 and through December of 2010, defendants fraudulently and knowingly received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of firearms prior to exportation, knowing the firearms were intended for exportation

5

1    contrary to the laws and regulations of the United States.

2        17.   As part of the conspiracy the defendants acquired the firearms by purchasing them in

3    the District of Arizona from Federal Firearms Licensees (FFLs), licensed under the provisions

4    of Chapter 44 of Title 18, and operating as licensed gun shops.

5        18.   As part of the conspiracy, and in the course of purchasing firearms in the District of

6    Arizona, defendants knowingly made false statements and representations with respect to

7    information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept

8    in the records of a business licensed under the provisions of Chapter 44 of Title 18, United States

9    Code, in that defendants executed ATF Forms 4473, Firearms Transaction Records, representing

10   that the defendant executing each form was the actual purchaser of the firearm(s) when in fact

11   they were buying the firearm(s) for others.

12       19.   As part of the conspiracy, defendants purchased the firearms with money derived from

13   the illegal distribution of controlled substances.

14       20.   As part of the conspiracy, after firearms were purchased from FFLs, they were

15   transferred to other members of the conspiracy both known and unknown to the grand jury to

16   be stored, sold, transported.

17       21.   As part of the conspiracy, defendants acquired and dealt in the types of firearms  for

18   which there was a ready market among the drug trafficking organizations in Mexico and the

19   United States.

20       22.   As part of the conspiracy, the firearms were sold and transferred to others known and

21   unknown to the grand jury who were engaged in drug trafficking and possessed in furtherance

22   of drug trafficking.

23       23.   As part of the conspiracy, members of the conspiracy both known and unknown to the

24   grand jury shipped, transported, and exported firearms from the United States to Mexico.

25

26

27

28                                              6

## OVERT ACTS

24.    As part, and in furtherance of the conspiracy, overt acts were committed in the District of Arizona including, but not limited to, the following:

25.    On or about January 16, 2010, JAIME AVILA, Jr. purchased three AK-47 type firearms from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

26.    On or about April 24, 2010, JAIME AVILA Jr. purchased two Draco AK-47 type pistols from FFL Gunnet, Peoria, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

27.    On or about June 15, 2010, JAIME AVILA Jr. purchased one Barrett .50 caliber rifle from FFL Scottsdale Gun Club, Scottsdale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearm.

28.    On or about November 19, 2009, prior to being pulled over by police, HECTOR ROLANDO CARLON attempted to dispose of an FN Herstal 5.7mm pistol purchased on November 17, 2009, by JOSE ANGEL POLANCO.

29.    On or about June 15, 2010, HECTOR ROLANDO CARLON sent a .50 caliber belt-fed rifle to  manufacturer TNW for repair, which rifle had been purchased on June 7, 2010, by another.  On or about August 3, 2010, HECTOR ROLANDO CARLON attempted to re-acquire this .50 caliber rifle in furtherance of the conspiracy.

30.    On or about March 23, 2010, JULIO CARRILLO purchased 10 AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

31.    On or about November 12, 2009, ALFREDO CELIS purchased ten AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

7

1  Within a month of their purchase four of these firearms were found in Mexico.

2      32.   On or about January 20, 2010, ALFREDO CELIS purchased ten AK-47 type rifles
3  from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such
4  purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

5      33.   On or about June 24, 2010, through on or about June 29, 2010, ALFREDO CELIS
6  purchased 30 AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and
7  during the course of such purchase falsely represented on ATF Form 4473 that he was the actual
8  purchaser of the firearms.

9      34.   On or about June 30, 2010, ALFREDO CELIS purchased 20 AK-47 type rifles from
10  FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase
11  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

12      35.   On or about July 2, 2010, in a telephone conversation with ALFREDO CELIS,
13  MANUEL FABIAN CELIS-ACOSTA directed ALFREDO CELIS to take steps to recover
14  twenty AK-47 type rifles taken by police on or about June 30, 2010.

15      36.   On December 8, 2009, a male caller using a telephone number utilized by MANUEL
16  FABIAN CELIS-ACOSTA called FFL Lone Wolf Trading Company, Glendale, Arizona, to
17  inquire as to the number of AK-47 type rifles in stock.  Forty-five minutes after this call, on the
18  morning of December 8, 2009, SEAN CHRISTOPHER STEWARD arrived at Lone Wolf and
19  purchased twenty AK-47 type rifles which he transported to an auto auction business in Phoenix,
20  Arizona, and loaded into another vehicle or vehicles.

21      37.   On the evening of December 8, 2009, SEAN CHRISTOPHER STEWARD returned
22  to Lone Wolf Trading Company and purchased an additional twenty AK-47 type rifles.  SEAN
23  CHRISTOPHER STEWARD loaded the rifles into a white Nissan Titan in which MANUEL
24  FABIAN CELIS-ACOSTA was a passenger.  This vehicle was driven to CELIS ACOSTA's
25  residence where the rifles were unloaded.

26

27

28                                                         8

38.   On or about December 11, 2009, MANUEL FABIAN CELIS-ACOSTA made several telephone calls to direct JACOB WAYNE CHAMBERS' delivery of ten AK-47 type rifles, purchased by CHAMBERS, to another.

39.   On or about May 20, 2010, MANUEL FABIAN CELIS-ACOSTA directed URIEL PATINO to purchase three FN Herstal 5.7mm pistols for another person and made arrangements to meet with URIEL PATINO to give him money to pay for the purchase.

40.   On or about May 20, 2010, URIEL PATINO purchased three FN Herstal 5.7mm pistols from FFL Lone Wolf Trading Company.

41.   On or about July 19, 2010, CELIS ACOSTA loaded approximately 48 pounds of marijuana into a car driven by JOHN WILLIAM ROWLAND.

42.   On or about October 13, 2009, JACOB WAYNE CHAMBERS purchased three AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

43.   On or about October 26, 2009, JACOB WAYNE CHAMBERS purchased three AK-47 type firearms from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

44.   On or about December 11, 2009, JACOB WAYNE CHAMBERS purchased ten AK-47 type rifles at FFL Lone Wolf Trading Company, Glendale, Arizona, on behalf of MANUEL FABIAN CELIS-ACOSTA, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

45.   On or about December 11, 2009, MANUEL FABIAN CELIS-ACOSTA made several phone calls to direct JACOB WAYNE CHAMBERS delivery of AK-47 type rifles to another member of the conspiracy.

9

1    46.   On or about December 11, 2009, at the direction of MANUEL FABIAN CELIS-

2  ACOSTA, JACOB WAYNE CHAMBERS delivered the AK-47 type rifles to another.

3    47.   On or about June 12, 2010, ERICK AVILA DAVILA purchased five Ruger 9mm

4  pistols from Lone Wolf Trading Company, and during the course of such purchase falsely

5  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

6    48.   On or about July 7, 2010, ERICK AVILA DAVILA purchased one Barrett .50 caliber

7  rifle from FFL Olsen Firearms, LLC, Scottsdale, Arizona, and during the course of such purchase

8  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

9    49.   On July 13, 2010, ERICK AVILA DAVILA purchased one TNW .50 caliber belt-fed

10  rifle from manufacturer TNW Firearms, Inc., through Scottsdale Gun Club, Scottsdale, Arizona,

11  and during the course of such purchase falsely represented on ATF Form 4473 that he was the

12  actual purchaser of the firearm.

13    50.   On or about August 10, 2010, JONATHAN EARVIN FERNANDEZ purchased ten

14  AK-47 type rifles from Lone Wolf Trading Company, and during the course of such purchase

15  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

16    51.   On or about August 19, 2010, JONATHAN EARVIN FERNANDEZ purchased nine

17  AK-47 type rifles from Lone Wolf Trading Company, and during the course of such purchase

18  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.  After

19  purchasing the firearms, FERNANDEZ   and DANNY CRUZ MORONES, riding with

20  FERNANDEZ, attempted to evade agents and officers conducting surveillance.

21    52.   On or about November 25, 2009, DEJAN HERCEGOVAC acquired twenty-six AK-47

22  type rifles in a series of transactions from FFL Lone Wolf Trading Company, Glendale, Arizona,

23  and during the course of such transactions falsely represented on ATF Form 4473 that he was the

24  actual purchaser of the firearms.   In the course of these transactions DEJAN HERCEGOVAC

25  returned several of these rifles in exchange for others with a different type of folding stock.  In

26

27

28                                                        10

1 | the course of these transactions, DEJAN HERCEGOVAC returned for exchange an AK-47 type
2 | rifle purchased the day before, on November 24, 2009, by URIEL PATINO.

3 |     53.   On November 25, 2009, DEJAN HERCEGOVAC delivered rifles he had purchased
4 | to the residence of MANUEL FABIAN CELIS-ACOSTA and to the auto shop at 3501 West
5 | Lincoln Avenue, Phoenix, Arizona.

6 |     54.   On or about April 14, 2010, KRISTI GAIL IRELAND paid approximately $18,000 in
7 | United States Currency to Lone Wolf Trading Company as a down payment for the purchase of
8 | three Barrett .50 rifles.   URIEL PATINO retrieved the money for the down payment out of
9 | KRISTI GAIL IRELAND's  purse to pay for the rifles.

10 |     55.   On or before November 24, 2009, JUAN JOSE MARTINEZ-GONZALEZ and URIEL
11 | PATINO introduced JAIME AVILA Jr. into the conspiracy to purchase firearms.

12 |     56.   On or about November 24, 2009, PATINO accompanied JAIME AVILA Jr. into Lone
13 | Wolf Trading Company while AVILA Jr. purchased firearms for the conspiracy.

14 |     57.   On or about July 13, 2010, JUAN JOSE MARTINEZ-GONZALEZ  possessed sixty-
15 | two firearms purchased by ERICK AVILA DAVILA, and others at the auto body shop at 3501
16 | W. Lincoln, Phoenix, Arizona.

17 |     58.   On or about March 23, 2010, JACOB ANTHONY MONTELONGO purchased ten
18 | AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the
19 | course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser
20 | of the firearms.

21 |     59.   On June 11, 2010, JACOB ANTHONY MONTELONGO purchased one Ruger 9mm
22 | pistol and one Taurus 9mm pistol at FFL Lone Wolf Trading Company, Glendale, Arizona, and
23 | during the course of such purchase falsely represented on ATF Form 4473 that he was the actual
24 | purchaser of the firearms.

25 |     60.   On October 31, 2009, JOSHUA DAVID MOORE purchased six AK-47 type rifles
26 | from FFL J&G Sales, Prescott, Arizona, and during the course of such purchase falsely
27 |
28 |

1   represented on ATF Form 4473 that he was the actual purchaser of the firearms.

2      61.   On November 3, 2009, MOORE purchased two AK-47 type rifles from Lone Wolf
3   Trading Company, and during the course of such purchase falsely represented on ATF Form 4473
4   that he was the actual purchaser of the firearms.

5      62.   On or about November 10, 2009, JOSHUA DAVID MOORE purchased ten AK-47
6   type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of
7   such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the
8   firearms.

9      63.   On or about November 12, 2009, JOSHUA DAVID MOORE purchased five AK-47
10  type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of
11  such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the
12  firearms.

13     64.   On or about December 10, 2009, MOORE purchased 20 AK-47 type rifles at Lone
14  Wolf Trading Company,  and during the course of such purchase falsely represented on ATF
15  Form 4473 that he was the actual purchaser of the firearms.

16     65.   On or about March 23, 2010, JOSHUA DAVID MOORE purchased ten AK-47 type
17  rifles from Lone Wolf Trading Company,  and during the course of such purchase falsely
18  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

19     66.   On or about June 30, 2010, DANNY CRUZ MORONES drove ALFREDO CELIS to
20  FFL Lone Wolf Trading Company, Glendale, Arizona, where ALFREDO CELIS purchased
21  twenty AK-47 type rifles.

22     67.   On or about July 2, 2010, in a telephone conversation with  ALFREDO CELIS,
23  MANUEL FABIAN CELIS-ACOSTA directed ALFREDO CELIS to take steps to recover
24  twenty AK-47 type rifles seized by police on or about June 30, 2010.

25     68.   On or about July 29, 2010, DANNY CRUZ MORONES purchased ten AK-47 type
26  rifles from FFL Lone Wolf Trading Company, Glendale, Arizona.  On or about July 30, 2010,

27

28                                    12

DANNY CRUZ MORONES purchased seven AK-47 type rifles from Lone Wolf Trading Company. During the course of such purchases falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

69.   On or about August 4, 2010, DANNY CRUZ MORONES purchased ten AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

70.   On or about November 2, 2009, URIEL PATINO purchased four FN Herstal 5.7mm pistols from FFL Scottsdale Gun Club, Scottsdale, Arizona. On or about November 23, 2009, URIEL PATINO purchased one FN Herstal 5.7mm pistols from FFL Gunnet, Peoria, Arizona. On or about November 27, 2009, URIEL PATINO purchased one Magnum Research Desert Eagle pistol and six FN Herstal 5.7mm pistols from FFL Lone Wolf Trading Company, Glendale, Arizona. On or about November 28, 2009, URIEL PATINO purchased one Magnum Research Desert Eagle pistol from FFL Scottsdale Gun Club, Scottsdale, Arizona. During the course of such purchases PATINO falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

71.   On or about November 24, 2009, URIEL PATINO purchased five AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

72.   On or about December 11, 2009, URIEL PATINO purchased twenty AK-47 type rifles at FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

73.   On or about January 15, 2010, URIEL PATINO purchased 10 AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona. On or about February 8, URIEL PATINO purchased five Draco AK-47 type pistols and five AK-47 type rifles from Lone Wolf Trading Company. On or about February 11, 2010, URIEL PATINO purchased three AK-47 type rifles and two Draco AK-47 type pistols from Lone Wolf Trading Company. On or about February 12,

13

2010, URIEL PATINO purchased two Draco AK-47 type pistols from Lone Wolf Trading Company.  On or about February 13, 2010,URIEL PATINO purchases eight AK-47 type rifles and two Draco AK-47 type pistols from Lone Wolf Trading Company.  During the course of these purchases PATINO falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

74.   On February 20, 2010, an Isuzu Rodeo was seen on the Tohono O'odham Nation in Arizona driving toward the border between the United States and Mexico. The driver abandoned the vehicle but was later found by law enforcement agents. The Isuzu was loaded with forty-one firearms wrapped in  plastic.  Thirty-seven of these firearms were AK-47 type rifles and pistols purchased by URIEL PATINO between January 15, 2010, and February 13, 2010.

75.   On or about January 30, 2010, URIEL PATINO purchased 15 AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

76.   On or about March 15, 2010, URIEL PATINO purchased forty AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

77.   On or about March 25, 2010,  URIEL  PATINO  purchased twenty-six AK-47 type rifles and one Colt .38 Super pistol from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

78.   On or about March 26, 2010, URIEL PATINO purchased six AK-47 type rifles and one Colt .38 Super pistol from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

79.   On or about April 16, 2010, URIEL PATINO received three Barrett .50 caliber rifles from FFL Lone  Wolf  Trading  Company, Glendale, Arizona, that he and KRISTI GAIL

14

1   IRELAND had previously paid for on April 14, and 15, 2010.  During the course of this
2   transaction, PATINO falsely represented on ATF Form 4473 that he was the actual purchaser of
3   the firearms.

4       80.   On or about April 27, 2010, URIEL PATINO purchased ten FN Herstal 5.7mm pistols
5   from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such
6   purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

7       81.   On or about May 28, 2010, URIEL PATINO received a .308 caliber rifle from FFL
8   Gunnet, Peoria, Arizona, at MANUEL FABIAN CELIS-ACOSTA's instruction, and during the
9   course of such transfer falsely represented on ATF Form 4473 that he was the actual purchaser
10  of the firearms.  After receiving the rifle, URIEL PATINO spoke with MANUEL FABIAN
11  CELIS-ACOSTA by phone and MANUEL FABIAN CELIS-ACOSTA instructs URIEL
12  PATINO to deliver the rifle to MANUEL FABIAN CELIS-ACOSTA's residence.

13      82.   On or about June 2, 2010, URIEL PATINO purchased ten AK-47 type rifles and one
14  Bushmaster AR-15 type rifle from FFL Lone Wolf Trading Company, Glendale, Arizona, and
15  during the course of such purchase falsely represented on ATF Form 4473 that he was the actual
16  purchaser of the firearms. On June 4, 2010, the Bushmaster rifle was found in the possession of
17  another.

18      83.   On or about June 18, 2010, URIEL PATINO purchased nine FN Herstal 5.7mm pistols
19  from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such
20  purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

21      84.   On or about June 21, 2010, URIEL PATINO purchased one Draco AK-47 type pistol
22  from FFL Bear Arms, Scottsdale, Arizona, and during the course of such purchase falsely
23  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

24      85.   On or about June 22, 2010, URIEL PATINO purchased one Draco AK-47 type pistol
25  from FFL Bear Arms, Scottsdale, Arizona,  and during the course of such purchase falsely
26  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

27

28                                          15

86.   On or about July 8, 2010, URIEL PATINO purchased sixteen AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

87.   On or about August 5, 2010, URIEL PATINO purchased twelve AK-47 type rifles from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms. Three days later on August 8, 2010, federal agents found all twelve of these rifles concealed in a stove and a television in an attempt to smuggle them into Mexico from the United States through the Lukeville, Arizona, Port of Entry.

88.   On November 17, 2009, JOSE ANGEL POLANCO purchased one 5.7mm pistol, one 5.7 mm rifle, and one AK-47 type rifle from Lone Wolf Trading Company, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

89.   Between November 16, 2009 and November 20, 2009, JOSE ANGEL POLANCO attempted to purchase firearms at the American Gunshop, Inc., in Prescott, Arizona. POLANCO placed a special order for ten AK-47 type rifles from the FFL.

90.   On or about April 30, 2010, FRANCISCO JAVIER PONCE purchased one TNW .50 caliber rifle from FFL Gunnet, Peoria, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

91.   On or about July 6, 2010, MANUEL FABIAN CELIS-ACOSTA arranged the purchase of firearms by URIEL PATINO for FRANCISCO JAVIER PONCE.

92.   On or about July 6, 2010, URIEL PATINO purchased ten AK-47 type pistols from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of such purchase falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms. After the purchase, MANUEL FABIAN CELIS-ACOSTA provided FRANCISCO JAVIER PONCE with URIEL PATINO's number to facilitate the delivery of the firearms, after which FRANCISCO

16

1   JAVIER PONCE and URIEL PATINO meet.

2       93.   On or about July 8, 2010, MANUEL FABIAN CELIS-ACOSTA and FRANCISCO

3   JAVIER PONCE spoke  on the telephone and MANUEL FABIAN CELIS-ACOSTA arranged

4   an additional straw purchase for FRANCISCO JAVIER PONCE by URIEL PATINO.

5       94.   On July 8, 2010, after URIEL PATINO's purchase of sixteen AK-47 type firearms

6   from Lone Wolf Trading Company, FRANCISCO JAVIER PONCE and another met  with

7   URIEL PATINO and transferred firearms from URIEL PATINO's vehicle to the vehicle in which

8   FRANCISCO JAVIER PONCE was riding.

9       95.   On July 19, 2010, JOHN WILLIAM ROWLAND spoke with CELIS ACOSTA about

10  coming to CELIS ACOSTA's residence to pick something up.

11      96.   On July 19, 2010, JOHN WILLIAM ROWLAND followed CELIS ACOSTA from a

12  carwash to CELIS ACOSTA's residence and picked up a load of approximately forty-eight

13  pounds of marijuana.

14      97.   On July 19, 2010, after picking up the marijuana, as JOHN WILLIAM ROWLAND

15  was being pulled over by police officers he phoned CELIS ACOSTA to let him know that he was

16  being pulled over.

17      98.   On December 7, 2009, SEAN CHRISTOPHER STEWARD purchased ten Draco AK-

18  47 type pistols from J&G Sales in Prescott, Arizona, and during the course of such purchase

19  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

20      99.   On December 8, 2009, SEAN CHRISTOPHER STEWARD purchased forty AK-47

21  type rifle from FFL Lone Wolf Trading Company, Glendale, Arizona, and during the course of

22  such purchases falsely represented on ATF Form 4473 that he was the actual purchaser of the

23  firearms.  On December 9, 2009, nine of the AK-47 type rifles were found by Douglas, Arizona,

24  police officers in the course of a vehicle stop, concealed in the bumper of a car.

25      100. On December 14, 2009, SEAN CHRISTOPHER STEWARD purchased seven Draco

26  AK-47 type pistols and thirty-six AK-47 type rifles, and during the course of such purchase

27

28                                          17

1  falsely represented on ATF Form 4473 that he was the actual purchaser of the firearms.

2      101. On December 24, 2009, SEAN CHRISTOPHER STEWARD purchased 40 AK-47 type

3  rifles from Lone Wolf Trading Company,  and during the course of such purchase falsely

4  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

5      102. On January 7, 2010, SEAN CHRISTOPHER STEWARD purchased nineteen AK-47

6  type rifles from Lone Wolf Trading Company,  and during the course of such purchase falsely

7  represented on ATF Form 4473 that he was the actual purchaser of the firearms.

8      103. On June 2, 2010, SEAN CHRISTOPHER STEWARD purchased ten AK-47 type rifles

9  and twenty-one pistols of various calibers, including a Taurus .45 caliber pistol, from Lone Wolf

10  Trading Company, and during the course of such purchase falsely represented on ATF Form 4473

11  that he was the actual purchaser of the firearms.

12      104. On June 23, 2010, STEWARD purchased ten AK-47 type rifles from Lone Wolf

13  Trading Company, and during the course of such purchase falsely represented on ATF Form 4473

14  that he was the actual purchaser of the firearms.

15      105. On July 12, 2010, KENNETH JAMES THOMPSON helped transfer twenty AK-47

16  type rifles purchased by another into KENNETH JAMES THOMPSON's vehicle.

17                              **COUNT 2**

18                    Dealing in Firearms without a License

19      106. Beginning on or about September, 2009, and continuing through on or about

20  December, 2010, in the District of Arizona and elsewhere, defendants JAIME AVILA, JR.,

21  HECTOR ROLANDO CARLON, JULIO CARRILLO, ALFREDO CELIS, MANUEL FABIAN CELIS-

22  ACOSTA, JACOB WAYNE CHAMBERS, ERICK AVILA DAVILA, JONATHAN EARVIN

23  FERNANDEZ, DEJAN HERCEGOVAC, KRISTI GAIL IRELAND, JUAN JOSE MARTINEZ-

24  GONZALEZ, JACOB ANTHONY MONTELONGO, JOSHUA DAVID MOORE, DANNY CRUZ

25  MORONES, URIEL PATINO, JOSE ANGEL POLANCO, FRANCISCO JAVIER PONCE, SEAN

26  CHRISTOPHER STEWARD, and KENNETH JAMES THOMPSON willfully engaged in the business

27  of dealing in firearms while such defendants were not a licensed firearms dealer under the

28                                    18

1  provisions of Title 18, United States Code, Section 923.

2     All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2.

3

4                                    **COUNT 3**

5                        Conspiracy to Distribute Marijuana

6                               (21 U.S.C. 846)

7     107. Beginning on or about September 22, 2009, and continuing through on or about

8  December, 2010, in the District of Arizona and elsewhere, defendants, MANUEL FABIAN

9  CELIS-ACOSTA, URIEL PATINO, JOHN WILLIAM ROWLAND, and others both known and

10 unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and

11 agree together and with other persons known and unknown to the grand jury, to knowingly and

12 intentionally possess with intent to distribute 100 kilograms or more of a mixture or substance

13 containing a detectable amount of marijuana,  a Schedule I Controlled Substance, in violation of

14 Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

15     All in violation of Title 21, United States Code, Section 846.

16                                    **COUNT 4**

17                  Possession with Intent to Distribute Marijuana

18                     (21 U.S.C.§§841(a)(1)  &  841(b)(1)(D))

19     108. On or about July 19, 2010, in the District of Arizona and elsewhere, defendants,

20 MANUEL FABIAN CELIS-ACOSTA, URIEL PATINO, and JOHN WILLIAM ROWLAND,

21 and others known and unknown to the Grand Jury, did knowingly and intentionally possess with

22 intent to distribute less than 50  kilograms of a mixture or substance containing a detectable

23 amount of marijuana, a Schedule I Controlled Substance.

24     All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and Title

25 18, United States Code, Section 2.

26

27

28                                         19

## COUNT 5

### Possession with Intent to Distribute Marijuana

(21 U.S.C.§§841(a)(1)  &  841(b)(1)(B)(vii))

109. On or about August 1, 2010, in the District of Arizona and elsewhere, defendants, MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vii) and Title 18, United States Code, Section 2.

## COUNT 6

### Conspiracy to Possess a Firearm in Furtherance of a Drug Trafficking Offense

(18 U.S.C. §924(o))

110. The factual allegations in paragraphs 24 to 105 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

111. On or about August 1, 2010, in the District of Arizona, defendants, MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, and others known and unknown to the Grand Jury, did knowingly, and unlawfully combine, conspire, confederate, and agree together and with each other and with others known and unknown to the grand jury, during and in relation to a drug trafficking offense as defined in Title 18, United States Code, Section 924(c)(2), that is, possession with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), to knowingly use, carry, and possess in furtherance of the drug trafficking offense, a firearm, that is, two Draco, 7.62x39mm pistols, in violation of Title 18, United States Code, Section 924(c).

All in violation of Title 18, United States Code, Section 924(o).

## COUNT 7

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

112. On or about January 16, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JAIME AVILA Jr., did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JAIME AVILA Jr. executed a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 8

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

113. On or about April 24, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JAIME AVILA Jr., did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Gunnet, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JAIME AVILA Jr. executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 9**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

114. On or about June 15, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JAIME AVILA Jr., did knowingly make a  false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Scottsdale Gun Club, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JAIME AVILA Jr. executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 10**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

115. On or about March 23, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JULIO CARRILLO, did knowingly make a  false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JULIO CARRILLO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

22

**COUNT 11**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

116. On or about January 20, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and ALFREDO CELIS, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that ALFREDO CELIS executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 12**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

117. On or about June 30, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and ALFREDO CELIS, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that ALFREDO CELIS executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 13

### Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

118. On or about October 26, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JACOB WAYNE CHAMBERS, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JACOB WAYNE CHAMBERS executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 14

### Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

119. On or about December 11, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JACOB WAYNE CHAMBERS, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JACOB WAYNE CHAMBERS executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

1

## COUNT 15

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

120. On or about June 12, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and ERICK AVILA DAVILA, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that ERICK AVILA DAVILA executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 16

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

121. On or about July 7, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and ERICK AVILA DAVILA, did knowingly make a  false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Olsen Firearms, LLC, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that ERICK AVILA DAVILA executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

25

## COUNT 17

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

122. On or about August 10, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JONATHAN EARVIN FERNANDEZ, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JONATHAN EARVIN FERNANDEZ executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 18

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

123. On or about August 19, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JONATHAN EARVIN FERNANDEZ, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JONATHAN EARVIN FERNANDEZ executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

1

## COUNT 19

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

124. On or about November 25, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and DEJAN HERCEGOVAC, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that DEJAN HERCEGOVAC executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 20

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

125. On or about March 23, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JACOB ANTHONY MONTELONGO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JACOB ANTHONY MONTELONGO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 21

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

126. On or about June 11, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JACOB ANTHONY MONTELONGO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JACOB ANTHONY MONTELONGO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 22

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

127. On or about November 3, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JOSHUA DAVID MOORE, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JOSHUA DAVID MOORE executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 23

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

128. On or about March 23, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JOSHUA DAVID MOORE, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JOSHUA DAVID MOORE executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 24

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

129. On or about July 30, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and DANNY CRUZ MORONES, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that DANNY CRUZ MORONES executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 25**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

130. On or about July 29, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and DANNY CRUZ MORONES, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that DANNY MOROMES executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 26**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

131. On or about November 24, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 27**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

132. On or about January 15, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 28**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

133. On or about February 13, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

31

## COUNT 29

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

134. On or about April 16, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 30

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

135. On or about April 27, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 31

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

136. On or about June 2, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 32

<u>Making a False Statement in Connection with the Acquisition of Firearms</u>

(18 U.S.C. §924(a)(1)(A))

137. On or about June 18, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Scottsdale Gun Club, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

33

**COUNT 33**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

138. On or about July 6, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA, FRANCISCO JAVIER PONCE, and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 34**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

139. On or about July 8, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA, FRANCISCO JAVIER PONCE, and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

34

## COUNT 35

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

140. On or about August 5, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and URIEL PATINO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that URIEL PATINO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 36

### Making a False Statement in Connection with the Acquisition of Firearms

### (18 U.S.C. §924(a)(1)(A))

141. On or about December 8, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and SEAN CHRISTOPHER STEWARD, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that SEAN CHRISTOPHER STEWARD executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

1

**COUNT 37**

2

Making a False Statement in Connection with the Acquisition of Firearms

3

(18 U.S.C. §924(a)(1)(A))

4

142. On or about December 14, 2009, in the District of Arizona, defendants MANUEL

5

FABIAN CELIS-ACOSTA and SEAN CHRISTOPHER STEWARD, did knowingly make a false

6

statement and representation with respect to information required by the provisions of Chapter

7

44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a

8

business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that

9

SEAN CHRISTOPHER STEWARD executed a Bureau of Alcohol, Tobacco, and Firearms Form

10

4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms

11

listed on the form, when in fact he was purchasing the firearms on behalf of another.

12

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

13

14

**COUNT 38**

15

Making a False Statement in Connection with the Acquisition of Firearms

16

(18 U.S.C. §924(a)(1)(A))

17

143. On or about December 24, 2009, in the District of Arizona, defendants MANUEL

18

FABIAN CELIS-ACOSTA and SEAN CHRISTOPHER STEWARD, did knowingly make a false

19

statement and representation with respect to information required by the provisions of Chapter

20

44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a

21

business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that

22

SEAN CHRISTOPHER STEWARD executed a Bureau of Alcohol, Tobacco, and Firearms Form

23

4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms

24

listed on the form, when in fact he was purchasing the firearms on behalf of another.

25

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

26

27

28

36

**COUNT 39**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

144. On or about June 2, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and SEAN CHRISTOPHER STEWARD, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that SEAN CHRISTOPHER STEWARD executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 40**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

145. On or about June 23, 2010, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and SEAN CHRISTOPHER STEWARD, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that SEAN CHRISTOPHER STEWARD executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 41**

Making a False Statement in Connection with the Acquisition of Firearms

(18 U.S.C. §924(a)(1)(A))

146. On or about November 17, 2009, in the District of Arizona, defendants MANUEL FABIAN CELIS-ACOSTA and JOSE ANGEL POLANCO, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that JOSE ANGEL POLANCO executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual purchaser of the firearms listed on the form, when in fact he was purchasing the firearms on behalf of another.

In violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 42**

Conspiracy to Commit Money Laundering

(18 U.S.C. §1956(h))

147. The factual allegations in paragraphs 24 to 105, and 107 to 109 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

148. Beginning on or about September 22, 2009, and continuing through on or about December, 2010, in the District of Arizona and elsewhere, defendants JULIO CARRILLO, ALFREDO CELIS, MANUEL FABIAN CELIS-ACOSTA, KRISTI GAIL IRELAND, JACOB ANTHONY MONTELONGO, JOSHUA DAVID MOORE, URIEL PATINO, and SEAN CHRISTOPHER STEWARD, did knowingly combine, conspire, confederate and agree together, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, the conspiracy to possess and possession with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1), with the intent to

38

1 | promote the carrying on of said specified unlawful activity, and knowing that the transactions

2 | were designed in whole and in part to conceal and disguise the nature, location, source,

3 | ownership and control of the proceeds of said specified unlawful activity, and while knowing

4 | that the property involved in the financial transactions represented the proceeds of some form

5 | of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6 |     All in violation of Title 18, United States Code, Section 1956(h).

7 |

8 |                           **COUNTS 43 through 53**

9 |                               Money Laundering

10 |                      (18 U.S.C. §§1956(a)(1)(B)(i) and 2

11 |     149. The factual allegations in paragraphs 24 to 105, and 107 to 109 of the Indictment are

12 | incorporated by reference and re-alleged as though fully set forth herein.

13 |     150. On or about the dates listed below, in the District of Arizona, and elsewhere,

14 | defendants, as set forth below, did knowingly conduct and attempt to conduct financial

15 | transactions affecting interstate and foreign commerce, as set forth below, which involved the

16 | proceeds of specified unlawful activity, that is, the possession with intent to distribute marijuana

17 | and conspiracy to possess with the intent to distribute marijuana, in violation of Title 21, United

18 | States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole

19 | and in part to conceal and disguise the nature, location, source, ownership and control of the

20 | proceeds of said specified unlawful activity, and while knowing that the property involved in the

21 | financial transactions represented the proceeds of some form of unlawful activity, each such

22 | instance being a separate Count of this Indictment.

23 |     All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

| Count | Date | Defendant(s) | Transaction |
|-------|------|--------------|-------------|
| 43 | March 23, 2010 | JULIO CARRILLO | Paid $6000 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles |

| 44 | March 23, 2010 | JACOB ANTHONY MONTELONGO | Paid $6000 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles |
| 45 | March 23, 2010 | JOSHUA DAVID MOORE | Paid $6000 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles |
| 46 | April 14, 2010 | KRISTI GAIL IRELAND and URIEL PATINO | Paid $18,000 in United States currency to Lone Wolf Trading Company as partial payment for three (3) Barrett .50 caliber rifles |
| 47 | April 27, 2010 | URIEL PATINO | Paid $11,381 in United States currency to Lone Wolf Trading Company for ten (10) FN Herstal 5.7mm pistols |
| 48 | June 2, 2010 | URIEL PATINO | Paid $6,640 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles and one (1) .223 caliber rifle |
| 49 | June 2, 2010 | SEAN CHRISTOPHER STEWARD | Paid $14,831 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles and twenty-one (21) pistols |
| 50 | June 18, 2010 | URIEL PATINO | Paid $10,099 in United States currency to Lone Wolf Trading Company for nine (9) FN Herstal 5.7 mm pistols |
| 51 | June 23, 2010 | SEAN CHRISTOPHER STEWARD | Paid $5,500 in United States currency to Lone Wolf Trading Company for ten (10) AK-47 type rifles |
| 52 | June 30, 2010 | ALFREDO CELIS | Paid $11,000 in United States currency to Lone Wolf Trading Company for twenty (20) AK-47 type rifles |
| 53 | July 8, 2010 | URIEL PATINO | Paid $8,800 in United States currency to Lone Wolf Trading Company for 16 AK-47 type rifles |

**FORFEITURE ALLEGATIONS**

**Firearms Violations**

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922 and 924, set forth in Counts 1, 2, and 6 through 41, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and/or ammunition involved in or used in the knowing violation of the statutes set forth above.

If any of the property described above, as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without
        difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

**Controlled Substances Act Violations**

Upon conviction of the offenses in violation of Title 21, United States Code, set forth in Counts 3, 4, and 5, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

(2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

41

1    If any of the above-described forfeitable property, as a result of any act or omission of the

2  defendants,

3    (1)   cannot be located upon the exercise of due diligence;

4    (2)   has been transferred or sold to, or deposited with, a third person;

5    (3)   has been placed beyond the jurisdiction of the Court;

6    (4)   has been substantially diminished in value; or

7    (5)   has been commingled with other property which cannot be subdivided without

8          difficulty,

9  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

10  seek forfeiture of any other property of said defendants up to the value of the above forfeitable

11  property.

12    All pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code,

13  Section 2461(c).

14                              **Money Laundering Violations**

15    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956, set

16  forth in Counts 42 through 53, the defendants shall forfeit to the United States, pursuant to Title

17  18, United States Code, Section 982(a)(1), any property involved in such offenses, and any

18  property traceable to such property. If any of the above-described forfeitable property, as a result

19  of any act or omission of the defendants,

20    (1)   cannot be located upon the exercise of due diligence;

21    (2)   has been transferred or sold to, or deposited with, a third person;

22    (3)   has been placed beyond the jurisdiction of the Court;

23    (4)   has been substantially diminished in value; or

24    (5)   has been commingled with other property which cannot be subdivided without

25          difficulty,

26  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

27  incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code,

28                                        42

1  Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the

2  above forfeitable property.

3      All pursuant to Title 18, United States Code, Section 982(a)(1), and Title 28, United States

4  Code, Section 2461(c).

5                                    A TRUE BILL

6

7

8                                    /s/
                                    FOREPERSON OF THE GRAND JURY
9                                    Date: January 19, 2011

10  DENNIS K. BURKE
    United States Attorney
    District of Arizona
11

12        /s/

13  EMORY T. HURLEY
    Assistant U.S. Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    43