LAURA E. DUFFY
United States Attorney
Southern District of California
Timothy D. Coughlin
Shane P. Harrigan
Mark Conover
Special Attorneys
California State Bar Nos.144911;
115757; 236090
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7044/7081/5200

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CR 11-00126-5-PHX-JAT (LOA)** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' *RESPONSE* TO THE** |
| v. | ) | **COURT' S ORDER REGARDING A** |
| | ) | **MOTION TO INTERVENE ON BEHALF** |
| JAIME AVILA, et al. | ) | **OF VICTIMS OF A CRIME TOGETHER** |
| | ) | **WITH A MEMORANDUM OF POINTS** |
| Defendant. | ) | **AND AUTHORITIES** |
| | ) | |
| _____ | ) | |

The United States of America, by and through its counsel, Laura E. Duffy, United States

Attorney, for the Southern District of California  and Timothy D. Coughlin, Shane P. Harrigan

and Mark Conover, Special Assistants to the Attorney General, hereby files its response to the

Court's Order dated September 19, 2011.

# I.

## RESPONSE TO THE MOTION TO INTERVENE

### A.        The Southern District of California Assigned to the Case

The United States responds to the motion and supporting briefing of Intervenors Kent Terry, Sr. and Josephine Terry ("Intervenors") as follows. The brutal murder of Border Patrol Agent Brian Terry ("Agent Terry") was a heinous and deplorable criminal act.    The United States acknowledges that the family of Agent Terry has suffered and will continue to suffer greatly from the loss of their loved one, and will put forth its best efforts to see that justice is served.  On September 7, 2011, the instant case, including the pending Motion to Intervene and Reply in Support of Motion to Intervene, was reassigned by the Department of Justice to the Southern District of California ("SDCA").   On the very day the case was reassigned, Laura E. Duffy, United States Attorney for the Southern District of California ("USA Duffy"), telephoned Paul K. Charlton ("Charlton"), counsel for the Intervenors, to introduce the team she assigned to prosecute this case, and inform Charlton of the measures SDCA would take to ensure the Intervenors would be able to participate in the proceeding involving Defendant Avila.

USA Duffy informed Charlton that the assigned prosecutors would be traveling to Phoenix that week to begin the transfer of the case, and become familiar with all aspects of the investigation and prosecution.   In addition, USA Duffy instructed the Victim-Witness Coordinator for SDCA to obtain the contact information for Agent Terry's parents, siblings and cousin and enter the family into the Victim Notification System ("VNS") in order for the family to receive notice of case events and scheduled proceedings in this case, to include full access to VNS thereafter.  As a follow-up to her conversation with Charlton, USA Duffy sent a letter

detailing what steps SDCA was taking to immediately afford the Terry family the opportunity to receive information about the case, and to confer with the prosecutors – the very actions requested by the Intervenors in the introductory paragraph of their motion.

Shortly thereafter, the assigned prosecutors contacted Charlton and reiterated the willingness of the prosecution team to extend those rights accorded by 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA"), within the control of the government to provide, to the Terry family.

**B.**     **The Court's Order**

On September 19, 2011, this Court filed an Order directing the government to confer with Terry family and their counsel by September 26, 2011 regarding the status of Motion to Intervene.  Further, the Court directed the government to file by September 30, 2011, its response to following three issues raised by the Court:

1)     Whether the government still opposes intervention by the Terry family;

2)     If the government still opposes intervention, whether the government proposes and alternative to intervention that would allow the Terry family to be extended rights as crime victims under the CVRA; and,

3)     Whether the government wishes to change any factual representations made in its response to the Motion to Intervene.

**B.**     **The Government Withdraws It's Motion Response**

On September 26, 2011, government counsel contacted Charlton as the Terry Family's representative in order to confer with him about the pending and supplemental motions to

3

intervene in the Avila case.  In an initial effort to reach a compromise  the government stated it was withdrawing it's August 8, 2011, motion response opposing the Terry Family's motion to intervene.  The government believes the crime victim issue is not ripe at this time, but that there is an alternative approach that affords the Terry Family the CVRA rights they seek, without the necessity of finding statutory victim status for them as a matter of law.  Government counsel explained to Charlton that having withdrawn it's previously filed motion response, it would fully support the Terry Family's efforts to meaningfully participate in the proceedings in this case, and advocate for the same with the Court. In addition, the government assured Charlton it would provide the Terry Family with an opportunity to meet with the prosecutors  handling the matter and apprise the family of all future events related to the case.

Government counsel explained to Charlton that it is working on a protocol to identify and address potential victims related to the case and this prosecution. The government has already employed significant measures to extend those rights under the CVRA, within its ability, to the family members of Agent Terry. In light of these steps government counsel believes that motion to intervene is either moot or not ripe for review.

The government's research into the issue  reveals that the CVRA affords eight enumerated rights to a crime victim, defined as "a person directly and proximately harmed as a result of the commission of a Federal offense," or if the person is deceased, the representatives of the person's estate or the person's family members. *See* 18 U.S.C. § 3771 (a) and (e).  The requirement that the victim be "directly and proximately harmed" encompasses the traditional "but for" and proximate cause analyses. *See In re Antrobus*, 519 F.3d 1123, 1126 (10th Cir. 2008); *United States v. Sharp*, 463 F. Supp. 2d 556, 567 (E.D. Va. 2006). The necessary inquiry

is fact-specific. *In re Rendon Galvis*, 564 F.3d 170, 175 (2d Cir. 2009) citing *In re Antrobus*, 519 F. 3d 1123 (10th Cir. 2008).

The facts of *Rendon Galvis* are similar to the instant case, and are therefore instructive. Rendon's son, Juan Fernando Vargas Rendon ("Vargas"), was murdered in an area of Colombia by paramilitaries affiliated with the Autodefensas Unidas de Colombia ("AUC").   Diego Fernando Murillo-Bejarano ("Murillo-Bejarano"), an AUC leader, was extradited to the United States, where he was charged with: (1) conspiracy to import into the United States, and to distribute with the intent that it be imported, at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 952(a), 959(a), 960(b)(1)(B)(ii),and 963; and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1956(h).   Murillo-Bejarano pleaded guilty in the district court to the first count of the indictment, with the agreement that the government would move to dismiss the second count at sentencing. Rendon filed a motion in the district court seeking to enforce her rights as a crime victim under the CVRA in order to be allowed to confer with the government, to be heard before sentencing, and to receive restitution. She argued that Murillo-Bejarano's participation in the charged conspiracy was the actual and proximate cause of her son's death because the AUC had targeted the area where her son was killed for its importance as a drug-trafficking corridor, using disappearances and executions to gain control of the area, and because the AUC had financed its terrorist activities with drug proceeds.  Rendon argued that the CVRA should be interpreted to include the victims of any acts *related to* the charged conspiracy, to include the victims of acts of the defendant's co-conspirators. Rendon claimed, similar to the Intervenors, that a broad interpretation of the

definition of "crime victim" under the CVRA is consistent with its underlying legislative intent. *Rendon Galvis* at 173.

The district court found that Rendon was not a crime victim under the CVRA because the harm to her son 'was not a direct and proximate result of conspiring to import cocaine into the United States, which is the crime of conviction...' *Rendon Galvis* at 175.  While the Court in *Rendon Galvis* believed evidence suggested some type of link between Vargas's murder and the drug conspiracy, the Court failed to find any clear error in the district court's conclusion that Rendon ultimately failed to show the requisite causal connection between the harm suffered and Murillo-Bejarano's participation in the drug conspiracy. Id. at 175-6.

The *Rendon Galvis* case may be instructive should the Court be forced to make a decision about the Terry Family's status as statutory victims of a crime as defined by the CVRA.  In the future, this Court may be required as a matter of law, to determine whether the harm, Brian Terry's murder, is causally linked to the federal charges against Defendant Avila of conspiring to deal in firearms without a license, for dealing in firearms without a license and for making false statements in connection with the acquisition of firearms. 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(A), to the degree required pursuant to the CVRA. And the Court may be called on to decide whether an individual is only "directly and proximately harmed" under the CVRA when the harm results from conduct underlying an element of the offense of conviction.  *Sharp*, 463 F. Supp. 2d at 563.  The Court in the future may to have determine if there is sufficient evidence to establish proximate harm, that is some "direct relationship" between the injury asserted and the injurious conduct is necessary.  See <u>Oki Semiconductor Co. v. Wells Fargo Bank</u>, 298 F.3d <u>768, 773 (9th Cir. 2002)</u>.  The closer the relationship between the actions of the defendant and

the injury sustained, the more likely that proximate harm exists.  *Sharp* at 565. As the Court knows, the offenses charged against Defendant Avila are regulatory offenses; the conduct underlying any potential conviction would be the false representations Avila made in order to secure the purchase of the firearms, and do not include the act of murder.

The government has, and will continue to the best of its ability provide those rights conferred by the CVRA that are within its control to afford to the family members of Agent Terry, to wit: the right to reasonable, accurate and timely notice of public court proceedings; the reasonable right to confer with the attorney for the government in the case; and, the right to be treated with fairness, and with respect for their dignity and privacy.  Based on the Government's actions to afford the Terry Family those rights it urges the Court to find the issue moot or the alternative not ripe for judicial action.

///

///

///

1

**II**

2

**CONCLUSION**

3

4 For the foregoing reasons, the United States respectfully requests: 1) the Court order the

5 government's response to the Motion to intervene filed on August 8, 2011, be withdrawn; and,

6 2) the Court find motion to intervene as moot or the alternative not ripe based on the fact that

7

8 the government has stated its willingness to extend to the Terry Family those rights accorded by

9 18 U.S.C. § 3771, the CVRA, within the control of the government.

10 DATED:      September 30, 2011.

11

12

13                                    LAURA E. DUFFY

                                      United States Attorney
14
                                      */s/ Timothy D. Coughlin*
15
                                      TIMOTHY D. COUGHLIN
16
                                      SHANE P. HARRIGAN
17
                                      MARK CONOVER
18
                                      Special Attorneys
19
                                      Attorneys for Plaintiff
20                                    United States of America

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CR 11-00126-PHX-JAT (LOA)** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |
| JAIME AVILA, Jr., et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Timothy D. Coughlin, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Notice of Appearance on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Candice L. Shoemaker**
**1423 S. Higley Rd., Suite 127**
**Mesa, AZ 85206**
shoemaker@azbar.org
**Counsel for Jaime Avila, Jr.**

**Joey N. Hamby**
**45 W. Jefferson, Suite 210**
**Phoenix, AZ 85003**
joey.hamby@azbar.org
**Counsel for Hector Carlon**

**Mark J. Berardoni**
**45 W. Jefferson, Suite 810**
**Phoenix, AZ 85003-2317**
berardonilaw@yahoo.com
**Counsel for Julio Carrillo**

**David S. Eisenberg**
**331 N. 1st Avenue, Suite 108**
**Phoenix, AZ 85003-4528**
david.eisenberg@azbar.org
**Counsel for Alfredo Celis**

**Alan M. Simpson**
**PO Box 2976**
**Carefree, AZ 85377-2976**
alan@alansimpson.net
**Counsel for Manuel Fabian Celis Acosta**

**Phil Noland**
**710 W. Roosevelt**
**Phoenix, AZ 85007-2104**
philnoland@qwestoffice.net
**Counsel for Jacob Wayne Chambers**

Mark A. Paige
2733 N. Power Road, Ste. 102
PMB 440
Mesa, AZ 85215-1683
mpaige@paigelawfirm.com
Counsel for Erick Avila Davila

Philip A. Seplow
2000 North 7th Street
Phoenix, AZ 85006
screenwriter2@earthlink.net
Counsel for Jonathan Earvin Fernandez

David L. Lockhart
2601 N. 16th Street
Phoenix, AZ 85006-1404
court@dlockhartlaw.com
Counsel for Dejan Hercegovac

Tom Crowe
1100 E. Washington Street Suite 200
Phoenix, AZ 85034-1090
tom@crowescott.com
Counsel for Kristi Gail Ireland

S Magnus Eriksson
10800 E. Cactus Rd. Suite 62
Scottsdale, AZ 85259
magnuse@cox.net
Counsel for Juan Martinez-Gonzalez

Baltazar Iniguez
3106 North 16th Street
Phoenix, AZ 85016-7610
zariniguez@aol.com
Counsel for Jacob Montelongo

Tyrone Mitchell
2633 E. Indian School Road Suite 320
Phoenix, AZ 85016
tmitchell@tyronemitchellpc.com
Counsel for Joshua David Moore

Loyd C. Tate
1921 S. Alma School Road Suite 304
Mesa, AZ 85210
ltate@btlawyers.com
Counsel for Danny Cruz Morones

Eugene Marquez
925 W. Baseline Road Suite 105-S4
Tempe, AZ 85283
eugene.marquez@azbar.org
Counsel for Uriel Patino

Anne M. Williams
1761 E. McNair Dr., Suite 101
Tempe, AZ 85283
anne@amwilliamslaw.net
Counsel for Jose Angel Polanco

Michael S. Reeves
1212 E. Osborn Road
Phoenix, AZ 85014
Sportclips1212@yahoo.com
Counsel for Francisco Javier Ponce

Kevin L. Burns
3033 N. Central Avenue, Suite 555
Phoenix, AZ 85012
kevin.burns2@gmail.com
Counsel for John William Rowland

Henry J. Florence
45 W. Jefferson Street
10th Floor
Phoenix, AZ 85041
bellaandflorence@yahoo.com
Counsel for Sean Christopher Steward

James Sun Park
2702 N. 3rd St., Suite 4005
Phoenix, AZ 85004
sun@parklaw.us
Counsel for Kenneth Thompson

Paul Kipp Charlton
paul.charlton@gknet.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2011

s/Timothy D. Coughlin
TIMOTHY D. COUGHLIN