UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
_____

**United States of America,**            )
                                          )
                                          )
              Plaintiff,                  )
                                          )
         vs.                              )      CR 11-0126-PHX-JAT
                                          )      Phoenix, Arizona
**Jaime Avila, Jr., et al.,**             )      October 24, 2011
                                          )
                                          )
              Defendants.                 )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

(**Status Conference**)


        **BEFORE:**   THE HONORABLE **JAMES A. TEILBORG**, JUDGE




Official Court Reporter:

David C. German, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC-39
Phoenix, Arizona 85003-2151
(602) 322-7251


PROCEEDINGS TAKEN BY STENOGRAPHIC COURT REPORTER
TRANSCRIPT PREPARED BY COMPUTER-AIDED TRANSCRIPTION

1   **APPEARANCES:**

2   **FOR THE PLAINTIFF:**

3        U.S. Attorney's Office - San Diego, California
         880 Front St., Room 6293
4        San Diego, California 92101-8893
         By:  W. Mark Conover, Esq.
5             Timothy Coughlin, Esq.
              Shane Harrigan, Esq.

6

7   **FOR DEFENDANT AVILA (1):**

8        Law Office of Candice L. Shoemaker
         649 N. 4th Avenue
9        Phoenix, Arizona 85003
         By:  Candice Shoemaker, Esq.

10

11  **FOR DEFENDANT CARLON (2):**

12       Joey Hamby, P.C.
         Attorney at Law
13       45 W. Jefferson Street
         Suite 210
14       Phoenix, Arizona 85003
         By:  Joey N. Hamby, Esq.

15

16  **FOR DEFENDANT CARRILLO (3):**

17       Law Office of Mark J. Berardoni
         45 W. Jefferson Street
18       Suite 810
         Phoenix, Arizona 85003-2317
19       By:  Mark J. Berardoni, Esq.

20

    **FOR DEFENDANT CELIS (4):**
21

         David Eisenberg
22       Attorney at Law
         331 N. First Avenue
23       Suite 108
         Phoenix, Arizona 85003
24       By:  David Eisenberg, Esq.

25

1    **APPEARANCES:**

2    **FOR DEFENDANT CELIS-ACOSTA (5):**

3        Alan M. Simpson, P.C.
         Attorney at Law
4        P.O. Box 2976
         Carefree, Arizona 85377
5        By:  Alan Simpson, Esq.

6

7    **FOR DEFENDANT CHAMBERS (6):**

         Law Offices of Phil Noland
8        710 W. Roosevelt
         Phoenix, Arizona 85007-2104
9        By:  Mark Paige, Esq.

10

11   **FOR DEFENDANT DAVILA (7):**

         Paige Law Firm
12       Attorney at Law
         45 W. Jefferson Street
13       Suite 806
         Phoenix, Arizona 85003-2317
14       By:  Mark A. Paige, Esq.

15

16   **FOR DEFENDANT FERNANDEZ (8):**

         Law Office of Philip A. Seplow
17       Attorney at Law
         2000 N. 7th Street
18       Phoenix, Arizona 85006
         By:  Philip Austin Seplow, Esq.
19

20   **FOR DEFENDANT HERCEGOVAC (9):**

21       Law Office of David L. Lockhart, P.C.
         2601 N. 16th Street
22       Phoenix, Arizona 85006-1404
         By:  David L. Lockhart, Esq.
23

24

25

**APPEARANCES:**

**FOR DEFENDANT IRELAND (10):**

     Crowe & Scott, P.A.
     Attorneys at Law
     1100 E. Washington Street
     Suite 200
     Phoenix, Arizona 85034-1090
     By:  Tom Crowe, Esq.

**FOR DEFENDANT MARTINEZ-GONZALEZ (11):**

     S. Magnus Eriksson
     Attorney at Law
     10800 E. Cactus Road
     Suite 62
     Scottsdale, Arizona 85259
     By:  S. Magnus Eriksson, Esq.

**FOR DEFENDANT MONTELONGO (12):**

     Law Office of Baltazar Iniguez
     3106 N. 16th Street
     Phoenix, Arizona 85016-7610
     By:  Baltazar Iniguez, Esq.

**FOR DEFENDANT MOORE (13):**

     Tyrone Mitchell, P.C.
     Attorney at Law
     2633 E. Indian School Road
     Suite 320
     Phoenix, Arizona 85016-0001
     By:  Tyrone Mitchell, Esq.

**FOR DEFENDANT MORONES (14):**

     Law Office of Loyd C. Tate
     1921 S. Alma School Road
     Suite 304
     Mesa, Arizona 85210
     By:  Loyd C. Tate, Esq.

1    **APPEARANCES:**

2    **FOR DEFENDANT PATINO (15):**

3          Eugene Marquez, P.L.C.
            Attorney at Law
4          925 W. Baseline Road
            Suite 105-S4
5          Tempe, Arizona 85283
            By:  Eugene Marquez, Esq.

6

7    **FOR DEFENDANT POLANCO (16):**

8          Anne M. Williams, P.C.
            Attorney at Law
9          1761 E. McNair Drive
            Suite 101
10         Tempe, Arizona 85283
            By:  Anne M. Williams, Esq.

11

12   **FOR DEFENDANT PONCE (17):**

13         Law Office of Michael S. Reeves
            1212 E. Osborn Road
14         Phoenix, Arizona 85014
            By:  By Philip Seplow, Esq.

15

16   **FOR DEFENDANT ROWLAND (18):**

17         Burns, Nickerson & Taylor, P.L.C.
            Attorneys at Law
18         3033 N. Central Avenue
            Suite 555
19         Phoenix, Arizona 85012
            By:  Kevin L. Burns, Esq.

20

21   **FOR DEFENDANT STEWARD (19):**

22         Florence & Bell, Ltd.
            Attorneys at Law
23         45 W. Jefferson Street
            10th Floor Luhrs Tower
24         Phoenix, Arizona 85041
            By:  Henry J. Florence, Esq.

25

1 **APPEARANCES:**

2 **FOR DEFENDANT THOMPSON (20):**

3     Park Law Office, P.L.C.
    2702 N. 3rd Street
4     Suite 4005
    Phoenix, Arizona 85004
5     By:  David Eisenberg, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    Phoenix, Arizona
                     October 24, 2011
 2

 3            (Proceedings convened at 10:38 a.m.)

 4            THE COURT:  Thank you.  Please be seated.

 5            I'll ask the clerk to call the next matter, please.    10:39:35

 6            THE COURTROOM DEPUTY CLERK:  Criminal Case 11-126,

 7    United States versus Avila, et al.  This is the time set for a

 8    status conference.  Please announce your presence and if your

 9    client is present.

10            MR. HARRIGAN:  Good morning, Your Honor.  Shane         10:39:50

11    Harrigan, Timothy Couglin and Mark Conover on behalf of the

12    United States.

13            THE COURT:  All right.  Good morning.

14            MR. COUGLIN:  Good morning, Your Honor.

15            MS. SHOEMAKER:  Good morning, Your Honor.  Candice      10:39:58

16    Shoemaker for Mr. Avila.  He's present in custody this

17    morning.

18            THE COURT:  All right.  Good Morning.

19            MR. HAMBY:  Good morning, Your Honor.  Joey Hamby for

20    Hector Carlon, Number 2.  He's present out of custody standing  10:40:07

21    in the back of the courtroom.

22            THE COURT:  All right.  Good morning.

23            MR. LOCKHART:  Good morning, Your Honor.  David

24    Lockhart appearing for Dejan Hercegovac.  He is out of

25    custody.  He is not present, Your Honor.  I ask that I be able  10:40:16
```

1  to waive his presence du to my inability to contact him in a

2  timely manner.

3          THE COURT:  Very well.  Good morning.

4          MR. BERARDONI:  Good morning, Your Honor.  Mark

5  Berardoni on behalf of Julio Jose Carrillo, who is present and          10:40:26

6  out of custody.

7          THE COURT:  All right.  Good morning.

8          MR. PAIGE:  Good morning, Your Honor.  Mark Paige on

9  behalf of Erick Davila, who is present.  And I'm standing in

10  for Phil Noland with Mr. Chambers, who is also present.          10:40:34

11          THE COURT:  All right.  Thank you.  Good morning.

12          MR. SEPLOW:  Good morning, Your Honor.  Philip

13  Seplow.  I represent Jonathan Fernandez.  He does contact me

14  every week but he's not here today.  And with the Court's

15  permission, I'd also like to stand in for Michael Reeves for          10:40:47

16  Mr. Ponce, and I don't believe he's here.

17          THE COURT:  Very well.  Thank you.

18          MR. TATE:  Good morning, Your Honor.  Loyd Tate on

19  behalf of Danny Morones, who is present, Judge.  He's standing

20  in the back with the red and white shirt on.          10:40:59

21          THE COURT:  All right.  Good morning.

22          MR. MITCHELL:  Good morning, Your Honor.  Tyrone

23  Mitchell for Joshua Moore, who is not present and we ask to

24  waive his appearance for today's hearing.

25          THE COURT:  Good Morning.          10:41:11

1        MR. FLORENCE:  Good morning, Your Honor.  Henry

2   Florence for Sean Steward, who is present.

3        THE COURT:  All right.  Good Morning.

4        MR. INIGUEZ:  Good morning, Your Honor.  Baltazar

5   Iniguez appearing on behalf of Jacob Montelongo, who is not          10:41:18

6   present, Your Honor.  I'd ask that his presence be waived for

7   this hearing.

8        THE COURT:  Thank you.  Good morning.

9        MR. BURNS:  Good morning, Your Honor.  Kevin Burns

10  appearing for John Rowland.  He is also not present this            10:41:27

11  morning and I'd ask that his presence be waived.

12        THE COURT:  Thank you.  Good morning.

13        MR. CROWE:  Good morning, Your Honor.  Tom Crowe on

14  behalf of Kristi Ireland, and we would request leave of Court

15  to waive her presence as well.                                     10:41:41

16        THE COURT:  All right.  Good morning.

17        MS. WILLIAMS:  Good morning, Your Honor.  Anne

18  Williams appearing on behalf of Jose Polanco, who is present

19  out of custody in the back of the courtroom.

20        THE COURT:  Good morning.                                    10:41:51

21        MR. SIMPSON:  Sir, good morning.  Alan Simpson.  I'm

22  present with my client, Manuel Acosta, who stands behind me.

23        THE COURT:  All right.  Good morning.

24        MR. ERIKSSON:  Good morning, Your Honor.  Magnus

25  Eriksson here for Mr. Juan Martinez-Gonzales, who is seated        10:42:00

1   next to the interpreter.

2           THE COURT:  Good morning.

3           MR. EISENBERG:  Good morning, Your Honor.  It's hard

4   to get a word in.  David Eisenberg on behalf of Alfredo Celis.

5   He is in the back of the courtroom.  He is present in the          10:42:12

6   second row from the back.

7           I'm also standing in for Mr. Park, who couldn't be

8   here because of his operation.  He represents Kenneth

9   Thompson.  I've tried to locate Mr. Thompson in the courtroom.

10  I know he's on release.  He is not here.  So I can't avow to      10:42:27

11  the Court whether contact was made with him.

12          THE COURT:  All right.  Thank you.

13          MR. EISENBERG:  And I ask that his presence be

14  waived.

15          THE COURT:  Very well.                                    10:42:37

16          MR. EISENBERG:  Thank you.

17          MR. MARQUEZ:  Good morning, Your Honor.  Eugene

18  Marquez on behalf of Mr. Uriel Patino.  He is out of custody

19  and I would ask that his presence be waived also.

20          THE COURT:  Very well.  Good morning.                     10:42:48

21          All right.  Did I overlook anyone?

22          All right.  You may -- I was going to say you may be

23  seated but I'm not sure where that would be for some of you.

24          All right.  This is a status hearing that is also a

25  hearing on the motion for continuance of the trial date and      10:43:17

1  pretrial motion dates and for order excluding time under the

2  Speedy Trial Act.

3       There is filed a motion by the -- and that is the

4  motion by the Government -- seeking the continuance that I

5  made reference to as well as a finding that the case be          10:43:40

6  treated and deemed a complex case.

7       Let me first ask the Government, based on the current

8  status of the case and the current number of defendants, how

9  long the Government is estimating its case will take.

10      MR. HARRIGAN:  A month, Your Honor.                          10:44:10

11      THE COURT:  A month?

12      MR. HARRIGAN:  Yes.

13      THE COURT:  All right.  Thank you.

14      All right.  I will grant the motion to designate the

15 case as complex and so find.                                     10:44:29

16      Now, then, the motion to continue carries with it a

17 statement by the Government that, quote, the parties have

18 agreed that an additional continuance of the trial date to no

19 later than June 2012 is warranted under the Speedy Trial Act.

20      And Miss Shoemaker, let me just ask you, is this a          10:45:09

21 correct representation and by not filing anything in

22 opposition does this constitute your joinder in the motion for

23 a continuance not later than June 2012?

24      MS. SHOEMAKER:  Yes, Judge, I would agree with that

25 statement, the only caveat being several members of defense     10:45:37

1  counsel did have an opportunity to meet with the Government a

2  few weeks ago.  At that time we discussed dates.  I personally

3  am out of the country until June 16th so I would prefer, in

4  case any last-minute issues come up, to go one week later than

5  the Government is suggesting in this case.  But absolutely,          10:45:59

6  Mr. Avila does not have any objection and does join in the

7  motion to continue and we will waive any time required.

8            THE COURT:  Very well.

9            Now, before -- I'm going to ask another question of

10 all defense counsel.  Let me tell you what my plan is and what      10:46:12

11 the options are.

12            I am prepared -- subject to ensuring that there is no

13 objection and that all counsel does join in this motion, I am

14 prepared to grant it in part and deny it in part, and by that

15 I mean I'm prepared to continue the case to a trial date of         10:46:40

16 May 8, May 8 of 2012, and then if there is to be -- and I'm

17 not suggesting there should be or will be, but if there is

18 then to be any further motion for continuance the parties will

19 have to understand that they will have to seek a continuance

20 to and through September 25 of 2012, because I am going to be       10:47:22

21 in a patent case from July -- at least July until September.

22            So I want to make sure that is abundantly clear.

23            But what I'm prepared to do today is to grant the

24 motion to continue to a trial date of May 8 of 2012, and then

25 I will follow today's hearing with some specific dates with         10:48:04

1    respect to discovery and motion deadline, et cetera.

2          With that background, let me again just query defense

3    counsel.  Is there any defense counsel that does not join in

4    the motion to continue and/or otherwise wants to be heard in

5    opposition thereto?                                    10:48:37

6          MR. HAMBY:  Your Honor, this is Joey Hamby for Mr.

7    Carlon.

8          Your Honor, at the time that these dates were

9    circulated I was in agreement with them.  That was based on my

10   understanding that there were approximately two terabytes of   10:48:50

11   video data that were going to be disclosed to us.  Just on

12   Thursday we received communication from the Government

13   indicating that it's more like 10 terabytes of video data.

14   And I don't know the actual amount of footage that needs to be

15   watched but just a rough calculation is probably around 14 to   10:49:11

16   16 months of actual time video.  There's -- it's not possible,

17   Your Honor, for me to review anything like I need to with that

18   video in this time for June.

19         So what I'm telling the Court is I agreed with the

20   Government's position based on the facts they presented to us.   10:49:30

21   I'm not in disagreement with either making the case complex or

22   continuing it to May.  I'm simply letting the Court know that

23   your September 25th date would certainly be one I would be

24   looking at, maybe even longer depending on what we get.  I

25   understand there's a substantial amount more that we're going   10:49:51

1   to receive from the Government.  But just the video alone is

2   problematic.

3        And then after other counsel has been heard, Your

4   Honor, I'd like to come back to that video issue because of

5   the way it's being disclosed and ask the Court for some                10:50:03

6   assistance with that as well.

7        Thank you.

8        MR. SEPLOW:  Your Honor, Philip Seplow for

9   Mr. Fernandez, and I believe Mike Reeves has asked me to speak

10  for Mr. Ponce.  I would agree with what Mr. Hamby said.                10:50:13

11       THE COURT:  Miss Shoemaker, you're nodding your head

12  in agreement with something.

13       MS. SHOEMAKER:  Judge, thank you.  I do agree with

14  Mr. Hamby's comments regarding the discovery that is still

15  coming out at this point.  We haven't even received it just           10:50:27

16  yet.

17       In addition, Judge, given my time I'm out of the

18  country from June 2nd until June 16th, I don't believe the

19  Government would even have time to finish their case, and that

20  would likely put things in a bind, if the Court gives me leave        10:50:43

21  to be out of the country during that time frame, to actually

22  finish our case before your July date.

23       So I do believe the September date is probably more

24  appropriate.

25       MR. EISENBERG:  Your Honor, David Eisenberg for                   10:50:56

1  Mr. Celis as well as Mr. Thompson.

2       I have to agree with the assessment of counsel

3  concerning the amount of time it's going to take to review

4  that discovery, although I will tell Court I am available in

5  May to try the case.  It's just a matter of going through all        10:51:10

6  the discovery that's yet to come.

7       THE COURT:  Well, what I'm starting to hear is if not

8  a ground swell a bit of a ground burble, anyway, for a

9  September 25 trial date.  If that is the case, then the Court

10 will entertain an oral motion to continue the case further to        10:51:39

11 September 25.

12      MR. HAMBY:  Your Honor, Joe Hamby for Mr. Carlon.  I

13 move so orally.

14      THE COURT:  All right.  And just again, for the

15 record, I -- do any of the -- I realize this is probably --         10:51:57

16 this is sufficient but do any of the defendants object to

17 continuing it to September 25?

18      All right.  Hearing none -- and I do want to hear

19 from the Government with regard to that motion.

20      MR. HARRIGAN:  Your Honor, we have no objection with         10:52:17

21 the September 25 trial date.

22      THE COURT:  Very well.

23      It is ordered granting the defendants' motion to

24 continue the trial to September 25, and further excluding time

25 on the basis that the volume of discovery which has been           10:52:47

1  previously referenced in the papers filed with the Court and

2  as further expanded upon here this morning and the multiple

3  charges and the nature of those charges and the variations in

4  those charges and, of course, the number of defendants form

5  the basis for the Court's granting the continuance.  And the          10:53:23

6  Court further finds that the ends of justice are served by

7  taking this action and outweigh the best interests of the

8  public and the defendant in a speedy trial.

9          Now, then, I will follow this with an order that

10  details the milestone deadlines for close of Government          10:53:50

11  discovery, those deadlines that are set forth in the

12  Government's motion.

13          I don't normally use a questionnaire but I do tend to

14  agree that in this case a limited questionnaire will be

15  appropriate, and we're going to need more lead time than what          10:54:28

16  the Government's earlier suggestion would indicate, but as we

17  approach that deadline I'll be looking at an abbreviated

18  questionnaire.  I'm not expecting to do voir dire by

19  questionnaire but rather a targeted questionnaire that will be

20  very case specific regarding the length of time that may be          10:55:04

21  involved.

22          I realize if we're looking at a month from the

23  Government, and I have no idea, of course, how long the

24  defense case will be, but we'll want to qualify the

25  prospective jurors for their ability to serve for the length          10:55:27

1   of this trial and then case specific issues, because I venture

2   to say that a very high number of prospective jurors will have

3   heard something about this case in one form or another.  So

4   I'll want a case-specific limited questionnaire that will deal

5   with that.                                                    10:55:59

6          Now, these -- and I did intend to say at the outset

7   that I'm talking about a real trial date, and so September 25

8   is a real trial date and not just one that is sitting there as

9   a potential trial date.

10         I think I have covered my list.  Let's see.            10:56:34

11         Does the Government have something else?

12         MR. HARRIGAN:  Your Honor, we prepared the draft

13   order based on, I think, an order that had been provided by

14   your clerk.  It's our understanding that the Court's practice

15   is to have one motions hearing.                              10:56:50

16         In this case, I wanted to request, if possible, if

17   maybe when the Court drafts it we consider more than one

18   motions maybe to deal with the issues of wiretap and other

19   substantive motions far enough in advance of trial that that

20   will be able to determine in advance of trial, help us in     10:57:11

21   preparation what we're going to be able to put on for trial.

22         Does that make sense, Your Honor?

23         THE COURT:  No.

24         MR. HARRIGAN:  One motions hearing, then.

25         THE COURT:  I still didn't -- one motion hearing is     10:57:25

```
 1   what --
 2           MR. HARRIGAN:  Right.
 3           THE COURT:  I just didn't hear what -- well, we will
 4   set -- we will set a deadline -- in fact, the deadline will
 5   have much more lead time than what you were proposing.  Back        10:57:39
 6   when you were talking about a June trial date you were talking
 7   about a motion deadline of May 1, and I was looking at more
 8   like a three-month lead time between the motion deadline and
 9   trial because, obviously, I need plenty of time to look at the
10   motions after they are fully briefed before ruling on them.         10:58:10
11           I think that's responsive to what you just said.
12           MR. HARRIGAN:  I think so, Your Honor.  There are
13   generally -- sometimes in San Diego we have a non-substantive
14   motions hearing date and a substantive motions hearing date,
15   and if the Court sets something three months in advance I          10:58:24
16   think we should be able to resolve all outstanding matters
17   well in advance of trial in order to know what we're
18   presenting at trial.
19           THE COURT:  All right.  Thank you.
20           Then you had something by way of -- I think you said       10:58:36
21   something about seeking the Court's guidance or some such
22   thing.
23           MR. HAMBY:  Yes, Your Honor.  We're looking for some
24   help.
25           The Government has indicated that to get the video         10:58:48
```

1   discovery that we were discussing earlier we should bring five

2   two-terabyte portable drives.  That's a significant expense,

3   Your Honor, for -- certainly for my client and I'm sure for

4   other clients, and we're -- we'll try to work with the

5   Government but I'm just advising the Court of the problem and          10:59:09

6   seeing if there are some other ways that it could be handled.

7        So, for instance, maybe the Government could make it

8   available through a Service in the Cloud to where we would

9   have passwords and we could simply log on and view it.  But I

10  don't have ten terabytes of data capacity in my office,              10:59:26

11  anyway.

12       THE COURT:  I thought I heard, and my real time

13  suggests that is what I heard, Service in the Cloud?  Is that

14  what you said?

15       MR. HAMBY:  Yes, Your Honor, that is what I said.               10:59:39

16       THE COURT:  And I'm supposed to know what that means.

17  I guess by virtue of having a computer screen up here I'm

18  supposed to know what you mean.

19       MR. HAMBY:  I think there was a case, Your Honor, the

20  Court is presumed to have full knowledge of all Internet             10:59:50

21  issues.

22       MR. HARRIGAN:  Your Honor, I believe what defense

23  counsel is referring to is there is significant video footage

24  in this case, video footage outside -- inside the gun stores

25  and outside auto shops that show people coming and going over        11:00:04

1  a period of time, sometimes over months, and so much of the

2  footage would not be relevant to each defendant and much of it

3  may not be relevant at all to the defendants depending on how

4  they view the footage's relevance.

5      What we would like to do is make it available on an    11:00:22

6  ad hoc basis where each defendant can determine what footage

7  they would like and they'd bring to us a two-terabyte drive

8  and we download the footage they request on that two-terabyte

9  drive and give it to them.

10     If any defendant was to want all the camera footage    11:00:36

11 throughout the entire period for each camera, it would require

12 five two-terabyte drives, which is significant and would in

13 the range of above $500.

14     The way the Court may choose to handle this would be

15 to set up maybe a joint paralegal type situation where you    11:00:52

16 could assign certain people to handle this for the group as a

17 whole and download all this information and review it for each

18 defendant, whatever the Court's pleasure.

19     MR. SEPLOW:  Your Honor, I just --

20     THE COURT:  Go ahead.    11:01:08

21     MR. SEPLOW:  Philip Seplow for Mike Reeves and for

22 Mr. Fernandez and Mr. Ponce.

23     Maybe some of the defense counsel will disagree with

24 me but I understand this is a conspiracy case and it's easy

25 for the Government to say we only have to see certain portions    11:01:24

but I think for most of our points of view when it's a

conspiracy case because of relevant conduct and because of

Pinkerton charges we have to be responsible for all the

content.

THE COURT:  Well, it seems to me that with the    11:01:39

collection of talent in the courtroom, and particularly those

that are schooled in the nuances of being in the clouds, you

should be able to work out a protocol that is going to be

mutually agreeable.  Quite often in discovery disputes I'm

fond of saying that any decision I make is going to be a lot    11:02:11

worse than what you can agree to, but this would seem to be a

classic example of that.

But if you are unable to work something out, then

seek a further hearing from the Court, and if we're going to

have -- and if it comes to that, then I would expect to have    11:02:30

some type of filing ahead of time that posits the alternatives

for the Court to consider so that we don't just walk into a

discussion of terabytes and clouds without some guidance to

the Court in advance.

All right.  Anything further?    11:02:57

Very well.  Then -- Mr. Paige, you're moving as if

there is.

MR. PAIGE:  Mark Paige, Your Honor, for Erick Avila.

My question is simply whether it makes sense to

address today what the status of the motion is with respect to    11:03:17

1   the intervenor.  My -- not intervenor but Mr. Charlton's

2   office representing the Terry family with regard to victim

3   status.

4          The previous AUSA had filed a motion opposing it.  I

5   know myself and some others filed joinders with that.  I also          11:03:44

6   joined in, I believe, a response filed my Mr. Simpson.

7   Subsequently, the current prosecution team filed something

8   that kind of said they'd work something out with

9   Mr. Charlton's office but if that doesn't work out then there

10  they're really not victims or something like that.  Then I          11:04:12

11  believe Mr. Charlton's office filed something.  So --

12          THE COURT:  What's your question?

13          MR. PAIGE:  The question is, where does that stand

14  now?  And particularly, with respect to the current

15  prosecution team, in their filing they said they were -- they          11:04:25

16  were requesting to withdraw the previous filing which some of

17  us joined in.  So should that be withdrawn, what would then be

18  the status of the joinders; would it survive because of those

19  of us who had joined it and what are we doing with that?

20          THE COURT:  Well, I don't know what you're doing with          11:04:44

21  it but it is currently -- it is currently -- I am fully aware

22  of the pendency of these matters but I'm not prepared to take

23  any action today.

24          MR. PAIGE:  Right.  I guess I'm just curious if

25  there's need to file anything additional by those of us who          11:05:02

1    joined in the motion that's being sought to be withdraw or if

2    the Court, when considering it, if it does allow that prior

3    filing by the Government to be withdrawn, if it will then

4    allow us time to file something else.

5         THE COURT:  Yeah.  I did not go back and review          11:05:21

6    the --

7         MR. PAIGE:  Okay.

8         THE COURT:  -- status of that in anticipation of

9    today's hearing, so I'm not able to provide you any guidance

10   today.                                                        11:05:30

11        MR. PAIGE:  Thank you, Your Honor.

12        THE COURT:  All right.  Then we're in recess.  Thank

13   you.

14            (Proceedings recessed at 11:05 a.m.)

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

    I, DAVID C. GERMAN, Official Court Reporter, do hereby

certify that I am duly appointed and qualified to act as

Official Court Reporter for the United States District Court

for the District of Arizona.

    I FURTHER CERTIFY that the proceedings and testimony

reported by me on the date specified herein regarding the

afore-captioned matter are contained fully and accurately in

the notes taken by me upon said matter; that the same were

transcribed by me with the aid of a computer; and that the

foregoing is a true and correct transcript of the same, all

done to the best of my skill and ability.


    DATED at Phoenix, Arizona, this 13th day of December,

2011.



                        s/David C. German
                        DAVID C. GERMAN, RMR, CRR

UNITED STATES DISTRICT COURT