LAURA E. DUFFY
United States Attorney
Timothy D. Coughlin
Shane P. Harrigan
W. Mark Conover
Special Attorneys
Ca. State Bar Nos. 144911, 115757, 236090
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7044/7081/5200
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) CR 11-126-1-PHX-JAT (LOA) |
|---|---|
| Plaintiff, | ) |
| v. | ) **PLEA AGREEMENT** |
| Jaime Avila, Jr., | ) |
| Defendant. | ) |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Laura E. Duffy, United States Attorney, and Timothy D. Coughlin, Shane P. Harrigan and Mark Conover, Special Attorneys to the Attorney General, and defendant, Jaime Avila, with the advice and consent of Candice L. Shoemaker, counsel for defendant, as follows:

I

**THE PLEA**

Defendant Jaime Avila, Jr., ("Defendant") agrees to plead guilty to Counts 1 and 2 of the Indictment in Criminal Case No. 11-126-PHX-JAT (LOA). Count 1 charges Defendant as follows:

Count 1 charges Defendant with:

> Beginning on or about September of 2009, and continuing through on or about December of 2010, in the District of Arizona and elsewhere, defendant JAIME AVILA, JR., and his co-conspirators Julio Jose Carrillo, Hector Rolando Carlon, Alfredo Celis, Manuel Fabian Celis-Acosta, Jacob Wayne Chambers, Erick Avila Davila, Jonathan Earvin Fernandez, Dejan

Def. Initials SP
11-126-1- PHX-JAT (LOA)

Hercegovac, Kristi Gail Ireland, Juan Jose Martinez-Gonzalez, Jacob Anthony Montelongo, Joshua David Moore, Danny Cruz Morones, Uriel Patino, Jose Angel Polanco, Francisco Javier Ponce, Sean Christopher Steward and Kenneth Thompson did willfully, knowingly and unlawfully combine, conspire, confederate and agree together and with each other and with others known and unknown to the grand jury, to commit the following offenses against the United States:

    a.    Dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A);

    b.    Making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A); and

    c.    Smuggling goods from the United States, in violation of 18 U.S.C. § 554,

all in violation of 18 U.S.C. § 371.

Count 2 charges Defendant with:

Beginning on or about September of 2009, and continuing through on or about December of 2010, in the District of Arizona and elsewhere, defendant JAIME AVILA, JR., and codefendants Julio Jose Carrillo, Hector Rolando Carlon, Alfredo Celis, Manuel Fabian Celis-Acosta, Jacob Wayne Chambers, Erick Avila Davila, Jonathan Earvin Fernandez, Dejan Hercegovac, Kristi Gail Ireland, Juan Jose Martinez-Gonzalez, Jacob Anthony Montelongo, Joshua David Moore, Danny Cruz Morones, Uriel Patino, Jose Angel Polanco, Francisco Javier Ponce, Sean Christopher Steward and Kenneth James Thompson willfully engaged in the business of dealing in firearms while defendants were not a licensed firearms dealer under the provisions of 18 United States Code § 923, all in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) and 2.

The Government agrees further to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

The Defendant further consents to the forfeiture allegation of the Indictment that seeks forfeiture of all firearm, firearms accessories and attachments, and ammunition involved in or used in knowing violation of 18 U.S.C. §924 and involved in or used in willful violation of 18 U.S.C. §922.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offenses in Counts to which he is pleading guilty have the following elements:

### Count 1

1. That beginning on or about September 2009, and continuing through on or about December 2010, there was an agreement between two or more persons to commit one or more of the crimes of: Dealing in Firearms Without a License (18 U.S.C. §922(a)(1)(A)), Making False Statements in the Acquisition of a Firearm (18 U.S.C. §924(a)(1)(A)), and/or Smuggling Goods from the United States (18 U.S.C. §554);

2. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

### Count 2

1. During the time frame set forth in the Indictment, Defendant willfully engaged in the business of dealing in firearms; and

2. Defendant did not then have a license as a firearms dealer.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crimes, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. In or about November 2009, Defendant was recruited by co-conspirator Juan Jose Martinez-Gonzalez ("co-conspirator Martinez-Gonzalez") to act as a "straw purchaser" in acquiring firearms from licensed gun dealers, that is, to illegally acquire the firearms by falsely claiming that he was buying the firearms for himself, when in fact, he was purchasing the firearms on behalf of co-conspirator Martinez-Gonzalez and others.

2. Beginning in November 2009 and continuing up to and including December 2009, Defendant received cash (United States Currency) totaling approximately $55,000 for use in the illegal straw purchase of firearms for co-conspirator Martinez-Gonzalez and others.

3. Beginning in November 2009 and continuing up to and including July 2010, Defendant, acting as a straw purchaser, purchased 52 firearms from ten different Federal Firearms Licensed (FFL) dealers located in Arizona, which activity included the purchase of two .308 caliber rifles and two

      Barrett .50 caliber rifles, which he subsequently delivered to co-conspirator Martinez-Gonzalez and others.

4. During the course of the purchase of the 52 firearms, Defendant knowingly and repeatedly falsely represented on the ATF Form 4473 that he was the actual buyer of the firearm, when, in truth and in fact, he knew that he was not the actual buyer because he was acquiring the firearm on behalf of another person.

5. Defendant was paid for illegally acquiring each of the 52 firearms.

6. During the course of Defendant's involvement in the illegal acquisition of firearms, neither he nor any of his co-conspirators had a license as a firearms dealer.

7. During the course of his involvement in the illegal acquisition of firearms, Defendant knew that co-conspirator Martinez-Gonzalez was directing other individuals to illegally purchase firearms for the purpose of illegally dealing/trafficking in firearms.

8. During the course of his involvement in the illegal acquisition of firearms, Defendant became aware that the firearms he and others were illegally purchasing were intended for export to Mexico, contrary to United States' laws and regulations, that is, to be smuggled and trafficked to individuals in Mexico.

9. The firearms, firearms accessories and attachments, and ammunition, referred to in Section X., I. of this Plea Agreement, were all acquired by Defendant or his co-defendants during the course of the conspiracy to illegally acquire firearms in violation of 18 U.S.C. §§922(a)(1) and 924(a)(1)(A), and were involved in and used in knowing violation of Section 924 and willful violation of Section 922.

### III

### PENALTIES

Defendant understands that the crimes to which he is pleading guilty, that is Counts 1 and 2, each carries the following penalties:

A. a statutory maximum penalty of 5 years in custody;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count; and

D. a term of supervised release of at least 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.

E. forfeiture of all firearms, firearms accessories and attachments, or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924 and all firearms, firearms accessories and attachments, and ammunition involved in or used in any willful violation of 18 U.S.C. §922(a)(1).

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

G. Defendant knowingly and voluntarily waives any rights and defenses Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to

provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up and rendered ineligible to receive valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICES
## SOUTHERN DISTRICT OF CALIFORNIA & DISTRICT OF ARIZONA

This plea agreement is limited to the United States Attorney's Offices for the Southern District of California and the District of Arizona and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is

uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

## X
## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and only one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

1. **Base Offense Level**
   USSG § 2K2.1(a)(7) — 12

2. **Specific Offense Characteristics**

   a. **Number of Firearms**
   USSG § 2K2.1(b)(1)(C)(**25 to 99 firearms**) — +6
   *(Defendant straw purchaser of 52 firearms)*

   b. **Trafficking in Firearms**
   USSG § 2K2.1(b)(5) — +4
   *(Defendant transported or transferred two or more firearms to another individual)*

   c. **Another Felony Offense**
   USSG § 2K2.1(b)(6) — +4
   *(Defendant transferred firearms with the knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense)*

2. **Acceptance of Responsibility**
   USSG §§ 3E1.1(a) and (b) — -3

**Adjusted Offense Level** — 23

B.  **ACCEPTANCE OF RESPONSIBILITY**

Notwithstanding paragraph A.2 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement,
2. Falsely denies prior criminal conduct or convictions,
3. Is untruthful with the Government, the Court or probation officer, or
4. Materially breaches this plea agreement in any way.

C.  **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

The parties agree that the Government may seek a further two-level upward adjustment of Defendant's Offense Level pursuant to USSG § 3B1.1(c) for Defendant's aggravating role in the offense based on Defendant's recruitment of other individual(s) to engage in the illegal acquisition of firearms. Defendant reserves the right to oppose such an upward adjustment. The Government agrees not to seek any other upward adjustments, departures or variances.

The parties agree that pursuant to the terms of the plea agreement Defendant reserves the right to request additional downward adjustments, departures or sentence reductions under 18 U.S.C. § 3553. For example, Defendant reserves the right to argue that a combination of circumstances, such as Defendant's age, lack of sophistication, aberrant behavior and lack of criminal history, support a downward departure or variance. The Government reserves the right to oppose such a downward departures and adjustments.

D.  **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have **no** agreement as to Defendant's Criminal History Category.

E.  **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

Def. Initials ___

9

11-126-1- PHX-JAT (LOA)

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that Defendant be sentenced to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement.

G. SPECIAL ASSESSMENT/FINE

1. Special Assessment.

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 for the felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine.

The parties will jointly recommend that Defendant not pay a fine as he does not have the financial ability to pay a fine.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release.

I. FORFEITURE

1. Property Subject to Forfeiture. In addition to pleading guilty to Count 1 of the Indictment, as set forth in Section I of the Plea Agreement, defendant consents to the forfeiture allegations of the Indictment and agrees to forfeit all firearms, firearms accessories and attachments, and ammunition involved in the offenses which the parties agree total approximately 2,100 firearms, approximately 650 firearms accessories and attachments, and approximately 24,000 rounds of ammunition. The United States will provide a complete listing of the firearms, firearms accessories and attachments, and ammunition to be forfeited prior to

sentencing to the Court and the Defendant.

   2.   **Bases of Forfeiture.** Defendant acknowledges that all firearms, firearms accessories and attachments, and ammunition are subject to forfeiture as property involved in or used in knowing violation of Title 18, United States Code, Section 924 and as property involved in or used in willful violation of Title 18, United States Code, Section 922(a)(1), and therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

   3.   **Immediate Entry of Preliminary Order of Forfeiture.** Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture following entry of the guilty plea. However the parties agree that the Preliminary Order of Forfeiture will be submitted to the Court after the complete listing of the firearms, firearms accessories and attachments, and ammunition have been provided to the Defendant. Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the properties. Defendant agrees to immediately withdraw any claims to properties directly or indirectly related to the criminal conduct seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

   4.   **Entry of Orders of Forfeiture and Waiver of Notice.** Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

5. <u>Waiver of Constitutional and Statutory Challenges</u>. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

6. <u>Agreement Survives Defendant; No Forfeiture Abatement</u>. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

7. <u>Administrative Forfeiture</u>. Defendant agrees to not contest the administrative forfeiture of any of the firearms, firearms accessories and attachments, and ammunition. Defendant waives all statutes of limitation and all other time limitations for the administrative forfeiture process(es), and waives all notices of administrative forfeiture proceedings.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the

time of sentencing. If the custodial sentence is greater than the high end of that range, Defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII
## BREACH OF THE PLEA AGREEMENT

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement,
2. Failing to fully accept responsibility as established in Section X, paragraph B, above,
3. Failing to appear in court,
4. Attempting to withdraw the plea,
5. Failing to abide by any lawful court order related to this case,
6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement,
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing, or
8. Challenging the administrative, civil or criminal forfeiture of the property identified in this Plea Agreement.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach. Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (I) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of [or action against] Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation, although his attorney could not, and did not, advise him in that regard.

LAURA E. DUFFY
United States Attorney

4-5-6
DATED

*[signature]*
Shane P. Harrigan
Timothy D. Coughlin
W. Mark Conover

Special Attorneys
to the Attorney General

3/27/12
DATED

*[signature]*
Candice L. Shoemaker
Counsel for Defendant
Jaime Avila, Jr.

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

3-27-12
DATED

*[signature]*
Jaime Avila, Jr.
Defendant

Accepted   12 DEC 12

*[signature]*
James A Teilborg
US Dist Judge

15