IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Jaime Avila, Jr.,<br><br>　　　　　　　Defendant. | No. CR-11-00126-PHX-JAT<br>(Supervised Release Violation)<br><br>FINDINGS AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE<br>UPON AN ADMISSION AND ORDER |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

　　　Upon Defendant's request to enter an admission to the violation(s) of supervised release, pursuant to Rule 57.6(d)(4) of the Local Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge John Z. Boyle on October 22, 2020, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America. After consultation with counsel Defendant has orally consented on the record to proceed via video conference and Defendant indicated his counsel is authorized to sign the consent form on his behalf after reviewing it in its entirety with counsel.

　　　In consideration of that hearing and the statements made by Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

　　　**I FIND** as follows:

(1) that Defendant understands the nature of the supervised release violation(s) alleged and the nature of the violation to which Defendant is admitting;

(2) that Defendant understands the right to a revocation hearing, to persist in denials, to the assistance of counsel, and appointed counsel if necessary, to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(3) that Defendant understands the maximum disposition for the supervised release violation, including imprisonment, fine and supervised release, and where applicable, any mandatory minimum penalty; that Defendant understands that the disposition guidelines are advisory, not mandatory, and that the disposition judge may depart from those guidelines;

(4) that Defendant understands that by admitting to violation(s) of supervised release Defendant waives the right to a revocation hearing;

(5) that Defendant's admission to violating supervised release has been knowingly, intelligently and voluntarily made and is not the result of force or threats;

(6) that Defendant is competent to admit to a supervised release violation;

(7) that there is a factual basis for Defendant's admission; and

(8) that Defendant is satisfied with counsel's representation.

**I RECOMMEND** that the Court accept Defendant's admission of the violation(s) of supervised release.

**ORDER**

**IT IS ORDERED** that any objection to the admission to a violation of supervised release proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered.  No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the Court.  Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of Defendant.  Character letters or a notice of service of such letters shall not be filed electronically unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any disposition memoranda must be filed at least seven (7) business days prior to the disposition date.  Responses are due three (3) business days prior to the disposition date.  Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue disposition filed fewer than fourteen (14) days before disposition are disfavored.  If either party intends to call a speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 23rd day of October, 2020.

_____
Honorable John Z. Boyle
United States Magistrate Judge